UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID CALHOUN, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-00571-LSC-JHE |
| MARK PETTWAY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Calhoun, Jr. filed a *pro se* complaint and amended complaint under 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Docs. 1, 15). On August 8, 2024, the magistrate judge entered a report recommending the court: (1) deny the defendants' motions to dismiss under 42 U.S.C. § 1997e(a) based on failure to exhaust administrative remedies; (2) grant defendants Pettway, Reach, and NaphCare's motions for summary judgment and dismiss the claims with prejudice; (3) grant the plaintiff's motion to amend the complaint in part to name Advanced Correctional Healthcare, Inc. ("ACH") as an additional defendant and refer the plaintiff's claims against ACH and the unknown white female nurse who treated him on May 5, 2020, to the magistrate judge for further proceedings; and (4) deny the plaintiff's motion to amend the complaint to name Jessica Young as an additional defendant and allege

state law claims against the defendants. (Doc. 54). The plaintiff filed objections to the report and recommendation. (Doc. 55). Defendant NaphCare filed a response arguing that the plaintiff's objections are due to be overruled. (Doc. 56).

The plaintiff first objects to the magistrate judge's finding that the plaintiff did not establish NaphCare had a policy, practice, or custom that led to the alleged constitutional violations. (Doc. 55 at 1–2). The plaintiff contends NaphCare's failure to ensure that he received adequate medical treatment while at the Jefferson County Jail and NaphCare's alleged interference with his hospitalization were based on NaphCare's policy or custom. (Doc. 55 at 1–2).

To establish a policy or custom, the plaintiff must show that NaphCare "advanced a policy or custom of deliberate indifference that led to the violation of [the plaintiff's] constitutional right." *Ireland v. Prummell*, 53 F.4th 1274, 1289 (11th Cir. 2022) (internal quotation marks and emphasis omitted). "[T]o demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (internal quotation marks and citation omitted).

The plaintiff has only described incidents related to his personal medical treatment. These incidents do not establish that NaphCare had a persistent and widespread policy or custom which caused the alleged constitutional violations. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (holding that deprivations

2

that constitute widespread abuse must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences"). Accordingly, the plaintiff's objection on this ground is **OVERRULED**.

Next, the plaintiff objects to the magistrate judge's finding that the record is devoid of evidence that defendants Pettway and Reach failed to protect him from the inmate assault on May 5, 2020. (Doc. 55 at 2–3). To state a failure to protect claim under the Eighth Amendment, a plaintiff must show that: (1) a substantial risk of serious harm existed; (2) the defendants were deliberately indifferent to that risk; and (3) there was a causal connection between the defendants' conduct and the Eighth Amendment violation. *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016). Courts use an objective standard when considering whether there was a substantial risk of serious harm to an inmate and an objective and subjective standard to determine whether the defendant was deliberately indifferent to that risk. *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019). Concerning deliberate indifference, a defendant must both subjectively know of the risk and disregard it by failing to respond in an objectively reasonable manner. *Bowen*, 826 F.3d at 1320.

The plaintiff contends that Pettway and Reach should have "isolated" inmate Ezell from the rest of the general population after he incurred three disciplinary violations. (Doc. 2–3). Of Ezell's three disciplinary violations, only one involved

3

a physical altercation with another inmate and it could not be proven that Ezell was the aggressor. (Doc. 32-1 at 178, 180–87). Thus, Ezell's disciplinary violations do not establish that Pettway and Reach were subjectively aware that Ezell posed a substantial risk of harm to the plaintiff, and they were deliberately indifferent to that risk. *See Carter v. Galloway*, 352 F.3d 1346, 1349–50 (11th Cir. 2003) (explaining that a generalized awareness of risk that an inmate is problematic may satisfy an objective standard for failure to protect or negligence, but it does not satisfy the subjective standard required). Accordingly, the plaintiff's objection on this ground is **OVERRULED**.

Finally, the plaintiff asserts that the Jefferson County Jail was generally unsafe, and the assault on May 5, 2020, would not have occurred if there had been adequate staffing and monitors. (Doc. 55 at 3). The magistrate judge determined that the plaintiff did not establish more than a generalized risk of attack at the Jail and there was no showing of a constant threat of inmate violence to suggest a substantial risk of serious harm to the plaintiff.

In his objections, the plaintiff cites *Cohen v. Hill*, 598 F. Supp. 3d 1349 (N.D. Ala. Apr. 12, 2022) in support of his claim that the Jail posed an unsafe environment. (Doc. 55 at 3–4). In *Cohen*, the plaintiff alleged that inmates at the Jefferson County Jail subjected him to a brutal attack and the defendant jail officials were deliberately indifferent to his safety in violation of the Due Process Clause of the Fourteenth

4

Amendment.  *Cohen*, 598 F. Supp. 3d at 1355.  But the plaintiff overlooks that the court in *Cohen* was considering the defendants' motion to dismiss and did not address the merits of the plaintiff's failure to protect claims.  Rather, the court determined that the plaintiff had adequately pled Fourteenth Amendment due process claims against Jefferson County Jail officials for failing to protect him from an inmate assault.  *Id*. at 1361–66.  Thus, *Cohen* does not support the plaintiff's allegations that conditions at the Jail led to the inmate assault against him on May 5, 2020, and his objection on this ground is **OVERRULED**.

After careful consideration of the record in this case and the magistrate judge's report and the plaintiff's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation.  Consistent with that recommendation, it is **ORDERED** that:

(1) The defendants' motions to dismiss pursuant to 42 U.S.C. § 1997e(a) based on failure to exhaust administrative remedies are **DENIED**;

(2) Pettway, Reach, and NaphCare's motions for summary judgment are **GRANTED** and the claims against these defendants are **DISMISSED WITH PREJUDICE**;

(3) The plaintiff's motion to further amend the complaint to name ACH (Doc. 53) is **GRANTED** and the plaintiff's claims against ACH and the unknown while female nurse who treated him on May 5, 2020, are **REFERRED** to the undersigned for further proceedings; and

(4) The plaintiff's motion to further amend the complaint to name Jessica Young as a defendant and allege state law claims against the defendants (Doc. 53) is **DENIED**.

This matter is **REFERRED** to the magistrate judge for further proceedings.

**DONE** and **ORDERED** on September 26, 2024.

_____
L. Scott Coogler
United States District Judge

160704